# No. 24-1704

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

MID VERMONT CHRISTIAN SCHOOL, on behalf of itself and its students and its students' parents; A.G. and M.G., by and through their parents and natural guardians, Christopher and Bethany Goodwin; CHRISTOPHER GOODWIN, individually; and BETHANY GOODWIN, individually,

*Plaintiffs-Appellants,*

v.

ZOIE SAUNDERS, in her official capacity as Secretary of the Vermont Agency of Education; JENNIFER DECK SAMUELSON, in her official capacity as Chair of the Vermont State Board of Education; CHRISTINE BOURNE, in her official capacity as Windsor Southeast Supervisory Union Superintendent; HARTLAND SCHOOL BOARD; RANDALL GAWEL, in his official capacity as Orange East Supervisory Union Superintendent; WAITS RIVER VALLEY (UNIFIED #36 ELEMENTARY) SCHOOL BOARD; and JAY NICHOLS, in his official capacity as the Executive Director of the Vermont Principals' Association,

*Defendants-Appellees.*

On Appeal from the United States District Court for the District of Vermont

Case No. 2:23-cv-00652

## APPELLEES SCHOOL DEFENDANTS' BRIEF

Pietro J. Lynn
LYNN, LYNN, BLACKMAN
& TOOHEY, P.C.
76 St. Paul Street, Suite 400
Burlington, VT 05401

*Counsel for Defendant-Appellees*
*Christine Bourne, in her official*
*Capacity as Windsor Supervisory*
*Union Superintendent, Randall*
*Gawell, in his official capacity*
*As Orange East Supervisory*
*Union Superintendent,*
*Hartland School Board, and*
*Waits River Valley (Unified #36*
*Elementary) School Board*

## I.    <u>Disclosure Statement</u>

Since there is no non-governmental corporation party to this proceeding, and since this is not a criminal case or a bankruptcy case, the disclosure requirements of Fed. R. App. P. 26.1 are not applicable.

# TABLE OF CONTENTS

Disclosure Statement.........................................................................................i

Table of Contents .............................................................................................ii

Table of Authorities .......................................................................................iii

Introduction .....................................................................................................1

Relevant Legal Standards................................................................................2

Argument..........................................................................................................3

Conclusion .......................................................................................................8

Certificate of Compliance ...............................................................................9

Certificate of Service .....................................................................................10

# TABLE OF AUTHORITIES

## Cases

*Bery v. City of New York,*
   97 F.3d 689 (2d Cir. 1996) .................................................... 2

*Employment Div., Dept. of Human Resources of Oregon v. Smith*
   494 U.S. 872 (1990)............................................................ 5

*Entergy Nuclear Vermont Yankee, LLC v. Shumlin,*
   2011 WL 2811317 (D. Vt. July 18, 2011)........................................ 2, 3

*Everson v. Board of Ed. of Ewing,*
   330 U.S. 1 (1947)............................................................. 7

*Jolly v. Coughlin,*
   76 F.3d 468 (2d Cir. 1996)) .................................................. 3

*Kane v. De Blasio,*
   19 F.4th 152 (2d Cir. 2021) .................................................. 6

*Mid Vermont Christian School, et. al., v. Zoie Saunders, et. al*
   ECF 57 (D. Vt. June 11, 2024) ................................................ 3, 4, 5

*Million Youth March, Inc. v. Safir,*
   18 F. Supp. 2d 334 (S.D.N.Y. 1998) ........................................... 2

*Sussman v. Crawford,*
   488 F.3d 136 (2d Cir. 2007) .................................................. 2

*Trinity Lutheran Church of Columbia, Inc. v. Comer,*
   582 U.S. 449 (2017)........................................................... 7

*We The Patriots USA, Inc. v. Hochul,*
    17 F.4th 266  (2d Cir. 2021) ................................................................. 6

*Winter v. Natural Res. Def. Council,*
    555 U.S. 7 (2008)............................................................................. 2, 3

**<u>Other</u>**

Durham and Smith, *Religious Organizations and the Law*, § 3.7 ................. 5

## INTRODUCTION

Plaintiffs-Appellants appeals the U.S. District Court for the District of Vermont ruling denying its motion for a preliminary injunction, which sought to require Defendants-Appellees to approve Mid Vermont Christian School (Mid Vermont) as an approved independent school eligible to receive public funds and to readmit Mid Vermont into the Vermont Principals Association (VPA). The District Court's ruling was both clear and correct – because Mid Vermont had already received approved independent school status and was accordingly already eligible to receive public funds, it was not likely to succeed on the merits of its claim against Defendants-Appellees. The District Court also held that application of a rational basis test to Vermont's policy of recognizing the gender choice of high school athletes is not likely to result in a favorable ruling for Mid Vermont.

Plaintiffs-Appellants do not contest the District Court's ruling on its efforts to gain recognition as an approved independent school. Plaintiffs-Appellants instead ask this Court to reverse the District Court's ruling on the grounds that it erred in applying rational-basis review when considering the VPA's expulsion of Mid Vermont because it refused to participate in a school athletic match against a high school basketball team which included a transgender student athlete.

Accordingly, the Plaintiffs-Appellants' requested relief exclusively involves the VPA's conduct. Nonetheless, Christine Bourne, in her official Capacity as

1

Windsor Supervisory Union Superintendent, Randall Gawell, in his official

capacity as Orange East Supervisory Union Superintendent, the Hartland School

Board, and the Waits River Valley (Unified #36 Elementary) School Board

("School Defendants-Appellees") submit its reply brief to Plaintiffs-Appellants'

brief.

## RELEVANT LEGAL STANDARDS

"Preliminary injunctive relief is 'an extraordinary remedy that may only be

awarded upon a clear showing the plaintiff is entitled to such relief.'" *Entergy*

*Nuclear Vermont Yankee, LLC v. Shumlin*, 1:11-CV-99-JGM, 2011 WL 2811317, at

2 (D. Vt. July 18, 2011) (quoting from *Winter v. Natural Res. Def. Council*, 129

S.Ct. 365, 376 (2008); *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007)

(describing preliminary injunction as "extraordinary and drastic remedy")).  Courts

grant injunctive relief when the moving party "demonstrate[s] that it is likely to

suffer irreparable harm in the absence of the requested relief." *Million Youth*

*March, Inc. v. Safir,* 18 F. Supp. 2d 334, 338-39 (S.D.N.Y. 1998) (quoting *Bery v.*

*City of New York*, 97 F.3d 689, 693 (2d Cir. 1996)).

If the movant demonstrates such irreparable harm it "is entitled to relief if it

demonstrates 'either (1) 'a likelihood of success on the merits' or (2) 'sufficiently

serious questions going to the merits to make them a fair ground for litigation and a

balance of hardships tipping decidedly' in the movant's favor.'" *Id*. at 339 (quoting

from *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996)). The movant must also establish that that "an injunction is in the public interest." *Entergy*, 2011 WL 2811317, at 2 (citing *Winter*, 129 S.Ct. at 374).

## ARGUMENT

Mid Vermont twists the facts to present this Court with a picture in which the VPA and Vermont schools discriminated against it because of Mid Vermont's sincerely held beliefs. What is clear, however, is that Mid Vermont forfeited a girls' basketball match, administered by the VPA, because the opposing team included a transgender player and because the VPA rejected Mid Vermont's request to bench the transgender player during the match. Order on Mot. for Prelim. Inj. at 12-13, *Mid Vermont Christian School, et. al., v. Zoie Saunders, et. al.,* ECF 57 (D. Vt. June 11, 2024). As a result, Mid Vermont was expelled from the VPA for violating its anti-stigmatization policies which align with Vermont state law. *Id.* Mid Vermont gave the VPA two choices: 1) violate a transgender student's rights under state law so that Mid Vermont could participate in a match or, 2) expel Mid Vermont from the VPA for their inability to conform to the policies which it agreed to upon becoming a member. The VPA chose the latter. Mid Vermont would prefer to enjoy its status as a private religious school while also rejecting their duty to, when participating in student athletics, play by the same rules as every other Vermont school.

As discussed, *supra*, the District Court denied Mid-Vermont's motion for a preliminary judgment after a finding that it was unlikely to satisfy its burden. On July 15, 2024, the District Court also denied Mid Vermont's Motion for an Injunction Pending Appeal to this Court. The District Court was similarly clear in its denial. "It appears unlikely that [Mid Vermont] will demonstrate that they are the victims of prejudice against their belief" but instead "it is likely that following a trial, the court will find that the state's educational policy of including transgender students on the team of their choice is neutral as to religion and applies to all schools seeking to participate in the VPA." Order on Mot. for Inj. Pending Appeal at 2-3, *Mid Vermont Christian School, et. al., v. Zoie Saunders, et. al*., ECF 68 (D. Vt. July 15, 2024). Finally, the District Court concluded that "it is likely that the evidence will demonstrate that the expulsion of Mid Vermont from the VPA was not motivated by animus against their religious beliefs." *Id*.

This Court's July 15 denial of Mid Vermont's motion for an injunction pending appeal is consistent with the District Court's findings in its June 11 decision rejecting Mid Vermont's motion for preliminary injunctive relief. The District Court found, after extensive briefing and a hearing on April 19, 2024, that analyzing Mid Vermont's claims on a rational basis was appropriate in light of the facts presented.

The District Court, in its June 11 ruling, reaffirmed what the Supreme Court made clear nearly thirty years ago. "We have never held that an individual's religious beliefs excuse him from compliance with an otherwise valid law prohibiting conduct that the State is free to regulate." *Employment Div., Dept. of Human Resources of Oregon v. Smith*, 494 U.S. 872 (1996). The *Smith* decision held that laws of general applicability which may implicate constitutional protections, as those which Mid Vermont now seeks to vindicate, must only be rationally related to achieving a legitimate governmental goal. The *Smith* decision evolved to allow for exceptions to the applicability of a rational basis analysis when restrictions are based "on beliefs as opposed to acts" or involve "issues of church autonomy; cases involving the 'hybrid' assertion of a second civil right at the same time … cases in which the state applies the law on a case-by-case basis; and cases explicitly targeting religion." Order on Mot. for Prelim. Inj. at 22, *Mid Vermont Christian School, et. al., v. Zoie Saunders, et. al*., ECF 57 (D. Vt. June 11, 2024) citing Durham and Smith, *Religious Organizations and the Law*, § 3.7 (2023). Here, Mid Vermont argues that its predicament is excluded from a rational basis review because the VPA allows for individualized assessments. *Id*.

However, as the District Court rightly points out, Mid Vermont's "examples of individualized exemptions … are not persuasive." *Id*. at 23. This Court considered similar precedent in *Kane v. De Blasio* wherein it held that "'an

exemption is not individualized simply because it contains express exceptions for objectively defined categories of persons' [but that] [r]ather, there must be some showing that the exemption procedures allow secularly motivated conduct to be favored over religiously motivated conduct. *Kane v. De Blasio*, 19 F.4th 152, 165 (2d Cir. 2021) (citing *We The Patriots USA, Inc. v. Hochul*, No. 21-2179, 17 F.4th 266, 295 (2d Cir. Nov. 4, 2021)) (internal citations omitted). As in *Kane*, here, Mid Vermont has not made any such showing.  Instead, Mid Vermont argues that the VPA's treatment of those qualifying for exceptions from the state's mask mandate during the COVID pandemic is indicative of its discriminatory treatment of it in the instant case. Opening Brief, 33-34.  But Mid Vermont does not address the simple fact that, where Mid Vermont violated the VPA's policies on gender identity, other schools refusing to participate because of an opposing student's exemption from mask requirements were not in violation of any identifiable VPA policy.  And as the VPA Executive Director, Jay Nichols, said in light of the Mid Vermont controversy "if you don't want to follow VPA rules, that's fine, but then you're just not a VPA member, it's fairly simple." *Id*. at 15.

Mid Vermont argues that the VPA could have accommodated Mid Vermont's refusal to play against transgender athletes by tailoring match schedules to accomplish such a goal.  Opening Brief, 55.  In doing so, the VPA and participating schools would fly in the face of the Supreme Court's guidance that governments

6

act neutrally toward religion rather than bending over backwards to accommodate religious beliefs.

Mid Vermont argues that VPA membership is a public benefit which would trigger strict scrutiny review. Not so. In *Trinity Lutheran*, the Supreme Court found that a government could not prevent a religiously affiliated school from receiving reimbursement grants to improve playground surfaces, a public benefit. In his concurrence, Justice Breyer cites *Everson*; "cutting off church schools from" such "general government services as ordinary police and fire protection ... is obviously not the purpose of the First Amendment" and in the case of the *Trinity* appellants, eligibility for land improvement grants was indistinguishable from access to general government services. *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 582 U.S. 449, 471, 137 S. Ct. 2012, 2027, 198 L. Ed. 2d 551 (2017) quoting *Everson v. Board of Ed. of Ewing*, 330 U.S. 1, 16, 67 S.Ct. 504, 91 L.Ed. 711 (1947).

In this case, however, VPA membership is not a public benefit. VPA membership requires admission by its organization leadership and adherence to the VPA's policies. In this context, VPA membership is at best a quasi-public opportunity available to schools which commit to the VPA's rules. Expulsion from the VPA does not mean that Mid Vermont may not administer an athletic program and losing the opportunity to participate in matches against VPA member schools

is akin to losing the opportunity to participate in a skill-based division league because of a team's failure to qualify.  By creating exceptions to VPA bylaws <u>on the basis</u> of Mid Vermont's religious beliefs, the VPA and Vermont schools would fail to be neutral toward religious activities.

## CONCLUSION

The VPA and the School Defendants' conduct as it relates to Mid Vermont is consistent with its obligations under state-wide authorities and judicial precedent. Therefore, for the foregoing reasons, the School Defendants respectfully request that the Court dismiss Mid Vermont's appeal.

Date: October 15, 2024

Respectfully submitted,

CHRISTINE BOURNE, HARTLAND SCHOOL BOARD, RANDALL GAWEL, and WAITS RIVER VALLEY SCHOOL BOARD


By:    */s/ Pietro J. Lynn*

Pietro J. Lynn, Esq.
Lynn, Lynn, Blackman & Toohey, P.C.
Counsel for Defendants-Appellees
76 St. Paul St., Suite 400
Burlington, VT 05401
(802) 860-1500
plynn@lynnlawvt.com

## CERTIFICATE OF COMPLIANCE

This brief complies with the word limit of Fed. R. App. P. 32(a)(7)(B)(ii) and

Local Rule 32.1(a)(4)(B) because it contains 1798 words, excluding parts of the

brief exempted by Fed. R. App. P. 32(f).

Date: October 15, 2024

*/s/ Pietro J. Lynn*

Pietro J. Lynn, Esq.
*Counsel for Defendants-Appellees*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2024, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Second Circuit using the appellate CM/ECF system.  I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

Date: October 15, 2024

*/s/ Pietro J. Lynn*

Pietro J. Lynn, Esq.
*Counsel for School Defendants-Appellees*